DUNBAR and others *v.* WHITE and others.*

*(Circuit Court, E. D. Louisiana. March, 1882.)*

1. PATENT LAW—REISSUED PATENTS.

A reissued patent which enlarges an original patent, *i. e.,* which makes the invention patented other and more inclusive than the original letters patent, is void as against intervening rights and the public as well.

2. SAME.

The object of the law on the subject of patents is to advance the interests of the public by securing certain exclusive rights to patentees, and among these rights is that of changing, by a surrender and reissue, the language, where the idea remains the same.

*Albert H. Leonard* and *J. W. Gurley,* for complainants.

*Joseph P. Hornor* and *Francis W. Baker,* for defendants.

BILLINGS, J. The case has been heard, and is submitted for a final decree upon bill, answer, exhibits, and depositions. The bill is to protect the rights of a patentee, and is for an injunction and account. Upon the hearing for a preliminary injunction, I directed that defendants should be required to keep an account of all their transactions which should be had, which could be included within the rights granted to complainants. This decree in effect maintained the validity of the complainants' claim.

* Reversed. See 7 Sup. Ct. Rep. 72.
Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

The sole question in the case is this: In a case where the plaintiff's right to recover against the defendant would have been perfect under an original patent, can a surrender and a reissue invalidate that right? Complainants' original patent was granted June 20, 1876. Defendants' patent was issued April 6, 1880. Complainants' reissued patent bears date December 6, 1881. The legal propositions which affect this case were, as it seemed to me at the prior hearing, and as it seems to me after the present hearing, the following:

1. A reissued patent which enlarges an original patent, i. e., which makes the invention patented other and more inclusive than the original letters patent, is void as against intervening rights and the public as well.

2. Where a patentee in his original claim and specifications describes his invention in part by specifying a material to be used, but declares that the sole utility or availability of that material in connection with his device is that it has two properties; and in his reissued patent, in his claim and specifications, in the description of his invention, substitutes for his former specification of a material to be used as a part of his device, a description of materials which may be used by specifying only those which have the two properties in which he had formerly declared the utility or availability of the material which he then named consisted, there is no enlargement of the thing patented, and the reissued patent is, therefore, valid.

3. Where, as in this case, the original claim and specifications were for a textile fabric as an envelope for the shrimp, in connection with other things, and it was declared that the sole object of its use was to prevent contact (that is, to secure separation) without discoloration; and in the reissued patent, in the claim and specifications, it is declared that any enveloping material may be used which will separate and not discolor,—the change is only that of substituting the description of a thing by naming it, with the addition of its essential quality,—the description of the thing by naming its qualities.

4. The object of the law on the subject of patents is to advance the interests of the public by securing certain exclusive rights to patentees, and among these rights is that of changing, by a surrender and reissue, the language where the idea remains the same.

5. Let there be an account taken before the master of the sales of the defendants in violation of complainants' patent, and a report thereon, and let the injunction be made perpetual during the continuance of complainants' patent.